UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAURY,

                Petitioner,                Case No. 2:15-cv-13364
                                                      Hon. Denise Page Hood

v.

OAKLAND COUNTY JAIL,

                Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

      Petitioner, Darrin Laury, has filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner appears to claim that he is serving a 93-day sentence in the Oakland County Jail for his conviction of simple assault. The pro se petition is very difficult to interpret. The Court reads the petition to claim: 1) the sentencing guidelines called for a maximum sentence of 90 days in jail, 2) Petitioner's rights under the 6th, 8th, 13th, and 14th Amendments were violated by "double adultery committed." Though the Court cannot be sure, a review of some of the documents attached to the petition suggests that Petitioner's second claim asserts that a police officer involved with his case

1

is related to a member of the victim's family. The Court will summarily dismiss this petition without prejudice because Petitioner has failed to exhaust his habeas claims in the state courts. The Court will also deny a certificate of appealability and permission to appeal in forma pauperis.

I.

According to the allegations in the petition, Petitioner did not file an appeal from his conviction. See Petition, ¶8. Petitioner does allege that he filed three motions in the state district court in April of 2015, which perhaps raised some of his arguments, but the petition does not indicate whether he received a ruling on them. See Petition ¶¶ 11(a)(7), 11(b)(7), and 11(c)(7). Petitioner checked the boxes in the petition indicating that he appealed to the highest state court having jurisdiction, Petition ¶11(d), but then he explains in the next entry that he did not appeal to the highest state court, only that he "put in a motion to chief Judge at 50th District Court." Petition ¶11(e).

A search of the Michigan One Court of Justice website does not indicate any appeal by Petitioner to the Michigan appellate courts.[1]

---

[1] See coa.courts.mi.gov/. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. See United States ex. rel. *Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. See, e.g., *Graham v. Smith*, 292 F. Supp. 2d 153, 155 n.2 (D. Me. 2003).

II.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), cited in *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th

3

Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue sua sponte when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The allegations in the petition indicate that Petitioner has not exhausted his state court remedies with respect to any of his claims. Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss petitions containing unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies.

Since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, see 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period

runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Here the date of Petitioner's conviction is unknown, but it appears to have been entered as recently as April of 2015. Petitioner is not in danger of running afoul of the statute of limitations. Therefore, there are no grounds for staying this case rather than dismissing it without prejudice.

Accordingly, the Court will dismiss the petition without prejudice because he has failed to show that he has exhausted his state court remedies.

III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed

without prejudice. Therefore, the Court denies a certificate of appealability. The Court will also deny permission to appeal in forma pauperis because any appeal of this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IV.

Accordingly, for the foregoing reasons,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that a certificate of appealability and permission to appeal in forma pauperis are **DENIED**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: November 4, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 4, 2015, by electronic and/or ordinary mail.

S/Kelly Winslow
for LaShawn R. Saulsberry
Case Manager Generalist